UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNETTE HATWOOD,

           Plaintiff,

-against-

THOMAS RICOTTA; RICOTTA + MARKS P.C.,

           Defendants.

1:22-CV-5528 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Annette Hatwood, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction. She sues Thomas Ricotta, Esq., and what appears to be his law firm, Ricotta & Marks P.C. Plaintiff seeks the following relief: "10 year[s] of what [her] job pa[i]d [her] as a salary. . . . $52,000 + 10 years." (ECF 2, at 6.) In response to her form complaint's question, "Which of your federal constitutional or federal statutory rights have been violated?," Plaintiff states "civil rights." (*Id.* at 2.)

    By order dated July 13, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following: On August 6, 2020, Plaintiff retained Ricotta and the law firm of Ricotta & Marks P.C. to pursue legal relief against Plaintiff's employer arising from disability discrimination that Plaintiff experienced.[1] Plaintiff corresponded with Ricotta and the law firm via email, until her email account was hacked. Ricotta sent a letter to Plaintiff's employer informing the employer that he was Plaintiff's attorney. After that, Plaintiff was unable to get any assistance from Ricotta or the law firm. Plaintiff provided Ricotta and the law firm with a new email address with which to communicate with her, but neither Ricotta, nor the law firm, did so.

Ricotta's and the law firm's actions, or lack of action, have cost Plaintiff her job. She has reported Ricotta and the law firm to a bar association. Ricotta "lied[,] manipulated [Plaintiff,] and took [her] money." (*Id.* at 6.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's subject matter jurisdiction is available only when a "federal question" is presented or, when a plaintiff asserts claims under state law under the court's diversity jurisdiction, when the plaintiff and the

---

[1] Plaintiff has attached to her complaint a copy of a verified complaint of disability discrimination that she apparently filed with the New York State Division of Human Rights against her employer. (ECF 2, at 7-8.) She has also attached a copy of a retainer agreement that she signed with Ricotta & Marks P.C. (*Id.* at 9-10.)

defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal question jurisdiction, without any facts demonstrating a claim under federal law, does not create federal question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). While Plaintiff invokes the Court's federal question jurisdiction, and states "civil rights" in response to her form complaint's question about which of her federal constitutional or federal statutory rights have been violated (ECF 2, at 2), she alleges no facts showing that the Court has federal question jurisdiction with respect to her claims.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction to consider any claims that Plaintiff may be attempting to assert under state law, including any claims of legal malpractice. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that she and the defendants are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity jurisdiction purposes, an individual is a citizen of the State where she is domiciled, which is defined as the place where she "has [her] true fixed home . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is, however, a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). There is also a second component to diversity jurisdiction − the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a).

Plaintiff asserts that she is a citizen of New York State, and that Ricotta & Marks P.C. (a professional corporation) is incorporated under the laws of New York State, and has its principal place of business in Long Island City, New York. (ECF 2, at 3.) Plaintiff does not specify the state citizenship of Thomas Ricotta, Esq., but it appears that he is a partner at the law firm of Ricotta & Marks P.C. Because both Plaintiff and Ricotta & Marks P.C. are citizens of New York State, the parties are not diverse, and this Court lacks diversity jurisdiction to consider this action.

Accordingly, the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Judgment shall issue.

SO ORDERED.

Dated: August 1, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge